UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULSAMAD RETHALAH,

           Plaintiff,

v.

U.S.C.I.S.,

           Defendant.

_____/

CIVIL ACTION NO. 07-14558

DISTRICT JUDGE JULIAN ABELE COOK

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**:

I recommend that Defendant's Motion to Dismiss be granted.

**II.**     **REPORT**:

### A.     Procedural History

The Complaint in this case was filed on October 25, 2007. Defendant filed its

Answer on January 25, 2008. On February 21, 2008, Defendant filed a Motion to Remand.

That motion was referred to the magistrate judge and set for hearing on April 1, 2008. On

March 25, 2008, Defendant filed a Motion to Dismiss. That motion was also referred to the

magistrate judge.

Plaintiff did not respond to Defendant's Motion for Remand. Nor did Plaintiff appear

for the hearing. Counsel for Defendant, however, withdrew the Motion for Remand, in favor

of Defendant's Motion to Dismiss. Plaintiff has filed no Response to that motion.

### B.     Applicable Law and Standard of Review

Defendant's Motion to Dismiss is based upon Fed.R.Civ.P. 12(b)(1). Such a motion

is an assertion that the federal district court lacks subject matter jurisdiction over the action

before it.  Fed.R.Civ.P. 12(h)(3) provides that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party.  The district court must weigh the merits of what is presented on a Rule 12(b)(1) motion to dismiss, and decide the question of subject matter jurisdiction.  "If, however, a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at the trial."  Wright and Miller, Federal Practice and Procedure: Civil 3rd Section 1350.

### C.    Factual History

The facts in this case are undisputed.  Plaintiff came to the United States as a refugee from Iraq on April 4, 2000.  He applied for citizenship on April 11, 2005, and was granted a citizenship interview on September 19, 2005.  He was informed that he had passed his citizenship examination, but that final action on his application was subject to the satisfactory completion of a background check.

After waiting for several months, Plaintiff initiated a series of inquiries as to the status of his application.  On each occasion, he was informed that his background check was not yet completed.  Unsatisfied with the lack of progress on his citizenship application, Plaintiff filed this action on October 25, 2007.  His Complaint seeks this court's assistance securing a final decision on his citizenship application.

In Answer to the Complaint, Defendant asserted that it was precluded by law from adjudicating an application for naturalization before completion of all Federal Bureau of Investigation ("FBI") background checks.  Defendant observed that the FBI is not a named party, and argued that the court has no jurisdiction to compel the FBI to complete a name

2

check.  Defendant maintained that remand of Plaintiff's case to USCIS for adjudication was the appropriate course.

### D. Analysis

At the hearing on April 1, 2008, Defendant withdrew its Motion for Remand of this case to the agency.  Plaintiff neither responded to the Motion for Remand nor appeared at the hearing.

In its Motion to Dismiss, Defendant asserts that Plaintiff's citizenship application has been approved.  In support of that assertion, Defendant submitted a copy of a March 14, 2008 Notice to Plaintiff to appear for the administration of the naturalization oath on March 31, 2008.  Plaintiff did not appear for the hearing on April 1, 2008.  He has also failed to file respond to Defendant's Motion to Dismiss.

Fed.R.Civ.P. 12(h)(3) provides that the court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction.  Defendant's Motion to Dismiss asserts that subject matter jurisdiction over this case is lacking by reason of events occurring since the Complaint which render Plaintiff's claim moot.  Courts "have a 'continuing obligation' to enquire whether there is a present controversy as to which effective relief can be granted."  Coalition for Government Procurement v. Federal Prison Industries, 365 F.3d 435, 458 (6th Cir. 2004).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Powell v. McCormack, 395 U.S. 486, 496 (1969).  "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties."  McPherson v. Michigan High School Athletic Association, Inc., 119 F.3d 453, 458 (6th Cir. 1997).  "Mootness addresses whether

3

[the] plaintiff continues to have an interest in the outcome of the litigation." <u>Cleveland Branch, N.A.A.C.P.</u>, 263 F.3d at 525. "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matters in issue. <u>Id</u>. at 530.

Attached to Defendant's Motion to Dismiss is a copy of a letter notice to Plaintiff, dated March 14, 2008, directing him to appear for a naturalization oath ceremony on March 31, 2008. The Notice serves as evidence that Defendant has completed agency action on Plaintiff's citizenship application. The completion of that process is precisely the relief sought by Plaintiff in his Complaint.

Defendant's Exhibit reflects that Plaintiff was scheduled to take the citizenship oath on March 31, 2008. Plaintiff's failure to appear at the April 1, 2008 hearing, together with his failure to respond to Defendant's Motion to Remand or its Motion to Dismiss, suggests that he has secured the sole relief sought in his Complaint. A court determines mootness "by examining whether an actual controversy between the parties exists in light of intervening circumstances." <u>Fleet Aerospace Corp. v. Holderman</u>, 848 F.2nd 720, 723 (6th Cir. 1988). Based upon the circumstances described above, I conclude that no case or controversy remains between the parties. In the unlikely event that Plaintiff has evidence to the contrary, he should have appeared at the April 1, 2008 hearing and responded to Defendant's Motions.

I recommend that Defendant's Motion to Dismiss be granted.

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

> s/Donald A. Scheer
> DONALD A. SCHEER
> UNITED STATES MAGISTRATE JUDGE

DATED: May 7, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on May 7, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 7, 2008. **Abdulsamad Rethalah.**

> s/Michael E. Lang
> Deputy Clerk to
> Magistrate Judge Donald A. Scheer
> (313) 234-5217